# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:10cv399
## [Criminal Case No. 3:07cr243-1]

| | |
|---|---|
| JAMARCUS ANTONIO HUNTLEY )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 1].

## PROCEDURAL HISTORY

On October 24, 2007, the Petitioner was charged with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Criminal Case No. 3:07cr243, Doc. 1]. On January 29, 2008, the Petitioner entered a guilty plea to the charge without the benefit of a plea agreement. [Id., Doc. 8]. In April 2008, it was disclosed in the

1

Petitioner's presentence report that his criminal history qualified him as an armed career criminal, a designation which mandated a minimum sentence of fifteen years imprisonment. [Id., Doc. 9]. The Petitioner had two previous convictions for conspiracy to commit armed robbery against a business or person, one for robbery with a dangerous weapon, and another one for common law robbery. [Id.]. The Probation Officer noted that pursuant to 18 U.S.C. §924(e) and U.S.S.G. §4B1.1, the Petitioner was an armed career criminal. [Id.].

The Petitioner's defense attorney objected to armed career criminal status arguing that his prior sentences had been consolidated for sentencing and were imposed on the same day. [Id., Doc. 10]. Counsel also filed a sentencing memorandum in which this designation was further attacked. [Id., Doc. 16].

At the Petitioner's sentencing hearing, the Court found that the Petitioner was subject to the mandatory minimum sentence of fifteen years, 180 months, pursuant to §924(e) due to his prior convictions for three violent felonies; that is, two separate convictions for conspiracy to commit armed robbery against a business or person and another conviction for robbery with a dangerous weapon. [Id., Doc. 19]. The Court therefore sentenced the

Petitioner to the mandatory minimum sentence of 180 months imprisonment. [Id., Doc. 18]. The Petitioner filed a direct appeal. [Id., Doc. 20].

The sole issue raised on appeal was whether the trial court properly found the Petitioner to be an armed career criminal pursuant to 18 U.S.C. §924(e). United States v. Huntley, 327 Fed.Appx. 438 (4th Cir. 2009). The Fourth Circuit held:

> Huntley argues that the district court erred by finding that he was an armed career criminal under 18 U.S.C. §924(e) and U.S. Sentencing Guidelines Manual §4B1.4 (2007) because his qualifying convictions were consolidated for sentencing and arose from the same criminal episode. A defendant is an armed career criminal when he violates §922(g)(1) and has three prior convictions for violent felonies or serious drug offenses. Huntley's predicate convictions were charged separately, occurred on different dates in different locations, and involved different victims. The fact that the offenses were consolidated for sentencing does not merge the offenses under the [Armed Career Criminal Act] ACCA as "[n]othing in §924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." [Huntley's] classification as an armed career criminal was accordingly proper.

Id., at 439.

The Petitioner's conviction and sentence were therefore affirmed. Id. at 440. The Petitioner did not petition for a writ of *certiorari* and his conviction and sentence became final ninety days after the Fourth Circuit's ruling on his direct appeal. Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 155

3

L.Ed.2d 88 (2003); United Sates v. Linder, 552 F.3d 391 (4th Cir. 2009), *certiorari denied* 130 S.Ct. 736, 175 L.Ed.2d 514 (2009). Since the Fourth Circuit entered its decision on May 18, 2009, the Petitioner's conviction and sentence became final on August 16, 2009. Id. The Petitioner has stated under penalty of perjury that he delivered the pending motion to prison authorities for mailing on August 18, 2010. [Doc. 1, at 13].

## STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or otherwise is subject to collateral attack. 28 U.S.C. § 2255. Pursuant to the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge *must* dismiss the motion[.]" Id. (emphasis provided). The Court has reviewed the Petitioner's motion and the record of his criminal proceedings and enters summary dismissal for the reasons stated herein.

4

## DISCUSSION

Section 2255(f)(1) of Title 28 provides that a one year period of limitation applies to a motion pursuant to §2255. As noted, the Petitioner's conviction became final on August 16, 2009 and the one year period within which he must have filed a motion pursuant to §2255 expired on August 16, 2010. United States v. Doweary, 342 Fed.Appx. 895 (4th Cir. 2009). The Petitioner's motion, delivered to prison authorities for mailing on August 18, 2010, is therefore untimely. The Court, however, does not find the motion should be dismissed on this ground and thus does not warn the Petitioner that the motion is subject to dismissal as untimely absent sufficient explanation. United States v. Sosa, 364 F.3d 507, 510 (4th Cir. 2004), *citing* Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (although it is appropriate for the district court to *sua sponte* raise the issue of timeliness, motion should not be summarily dismissed without opportunity to explain).

The Petitioner claims that his due process rights were violated by the finding that he was an armed career criminal. He argues the prior convictions stemmed from the same "spree" of criminal conduct, were related and were consolidated for sentencing. The same arguments were raised and rejected on direct appeal. The Petitioner "may not circumvent a proper ruling on his

5

[ACCA] challenge on direct appeal by re-raising the same challenge in a §2255 motion." Linder, 552 F.3d at 396. To the extent that the Petitioner now attempts to cast the same claim in the guise of a due process violation, he fares no better. The Petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered by [the Fourth Circuit on direct appeal]." Id., *quoting* Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), *certiorari denied* 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976). The Petitioner "is precluded from raising claims that are the sort that *could have* been raised on appeal." Id., *quoting* Brian R. Means, Fed. Habeas Practitioner Guide, ¶1.23.0 (2006/2007).

The Petitioner also argues that he received ineffective assistance of counsel. Although he acknowledges that counsel raised and argued the issue of armed career criminal status both at the trial and appellate levels, his complaint is that counsel did not "insist" that the court "put the prior offenses ... to the full test for relatedness." [Doc. 1-1, at 7].

The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the

6

> defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. Id. Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the prosecution would have been different. Id., at 688.

The Petitioner's attorney argued against armed career criminal status both by filing objections and in a sentencing memorandum. Cochrane v. United States, 2010 WL 4484626 (E.D.N.C. 2010) (record showed that counsel objected and argued against enhancement but was overruled therefore not ineffective). The arguments were reiterated on direct appeal and rejected again. Id. The Petitioner's claim is that counsel did not advocate sufficiently to change the Court's mind. The ruling by the Fourth Circuit, however, shows that the determination that the Petitioner was an armed career criminal was correct. Since the Court found that ruling to be accurate, the Petitioner cannot show in what manner his attorney's performance was

7

constitutionally ineffective. United States v. Jones, 2010 WL 4739789 (D.S.C. 2010). Likewise, since the ruling that he was an armed career criminal was correct, the Petitioner cannot show that his attorney prejudiced him by failing to make other arguments. Id.; United States v. Graham, 2010 WL 1433367 (D.S.C. 2010) (counsel objected to enhancement but was overruled; since status was accurate, no ineffective assistance); *accord*, Moon v. United States, 2010 WL 1418247 (D.S.C. 2010) (where defendant properly sentenced as armed career criminal and ruling affirmed on appeal, no claim for ineffective assistance).

The Court has considered the Petitioner's motion, any attached exhibits, and the record of the prior proceedings. The Court finds that the Petitioner is not entitled to relief and therefore the motion must be dismissed. The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citations omitted). As a result, the Court declines to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2255 Proceedings for the

United States District Courts.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 1] is hereby **DENIED** and this action is dismissed.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to enter a Certificate of Appealability.

Signed: December 6, 2010

Martin Reidinger
United States District Judge